UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JIMMIE DALE WHEELER, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-15-117 |
| | § | |
| JP MORGAN CHASE BANK, NATIONAL ASSOC., | § | |
| | § | |
| *Defendant*. | § | |

**ORDER**

Pending before the court is defendant JP Morgan Chase Bank, National Association's ("JP Morgan") motion to dismiss plaintiff Jimmie Dale Wheeler's ("Wheeler") complaint. Dkt. 4. After considering the motion and the complaint, the court is of the opinion that the motion should be GRANTED.

**I. BACKGROUND**

On January 5, 2015, Wheeler filed an emergency application for temporary restraining order and temporary injunction in state court to prevent the foreclosure of his home. Dkt. 1-2 at 11. In his application Wheeler conceded that he had fallen behind on his mortgage payments, but that JP Morgan exacerbated the situation by miscalculating his escrow and making "misrepresentations to [him] regarding the loan modification and repeated foreclosure postings, only to withdraw the foreclosure posting when plaintiff complained." Dkt. 1-2 at 11. Further, Wheeler claims that when he tried to pay his mortgage after falling behind on his payments, JP Morgan refused his attempts to pay the mortgage and refused his requests for financial information that JP Morgan had already provided at a prior time. *Id.* Finally, Wheeler asserts that he has been assigned to six different customer care specialists in eight months. *Id.*

Based on this, Wheeler claimed that JP Morgan had engaged in fraud, breach of contract, and violations of the Texas Deceptive Trade Practices Act ("DTPA"); violations of the Texas Finance Code; and violations of the home equity protections in the Texas Constitution. *Id.* at 11–12. The state court granted the temporary restraining order and set a hearing on plaintiff's application for a temporary injunction for January 16, 2015. However, JP Morgan removed the case to federal court on January 15, 2015. Dkt. 1. On January 22, 2015, JP Morgan filed a motion to dismiss under Federal Rules of Civil Procedure Rule 12(b)(6) asserting that plaintiff has not sufficiently pled his claims. The motion was ripe on February 12, 2015 and Wheeler did not, and still has not, filed a response to the motion.

## II. Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. As part of the *Twombly-Iqbal* analysis, the court proceeds in two steps. First, the court separates legal conclusions from well-pled facts. *Iqbal*, 556 U.S. at 678–79. Second, the court reviews the well-pled factual allegations, assumes they are true, and then determines whether they "plausibly give rise to an entitlement of relief." *Id.* at 679. Because "a Rule 12(b)(6) motion is viewed with disfavor and

2

rarely granted, a complaint may not be dismissed unless it appears *beyond doubt* that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Leleux v. United States*, 178 F.3d 750, 754 (5th Cir. 1999) (emphasis added) (internal quotations omitted). Under the Southern District of Texas Local Rules, a "[f]ailure to respond will be taken as a representation of no opposition." S.D. Tex. L.R. 7.4.

### III. ANALYSIS

*A.     Constitutional Violations*

Wheeler claims that the facts in his complaint support claims against JP Morgan for violations of plaintiff's home equity constitutional protections. Dkt. 1-2 at 12. JP Morgan moves to dismiss because Wheeler does not allege that the loan at issue is a home equity loan, and on its face, it is not a home equity loan. Dkt. 4 at 3. Wheeler is unopposed to JP Morgan's assertion. Further, after reviewing Wheeler's complaint, nowhere do the facts suggest that Wheeler had a home equity loan or even how the related Constitutional provisions were violated. Accordingly, JP Morgan's motion to dismiss Wheeler's constitutional claims is GRANTED.

*B.     Texas Finance Code Violations*

Wheeler claims that the facts in his complaint support claims against JP Morgan for violations of the Texas Finance Code. Dkt. 1-2 at 12. JP Morgan moves to dismiss because Wheeler does not allege a single statutory provision that was breached or a single action that constituted a violation of the code. Dkt. 4 at 3. Wheeler is unopposed to JP Morgan's assertion. Further, after reviewing Wheeler's complaint, nowhere do the facts suggest state what part of the Texas Finance Code was violated or what actions violated it. Wheeler has not stated a plausible claim upon which relief can be granted under the Texas Finance Code. Accordingly, JP Morgan's motion to dismiss Wheeler's Texas Finance Code violation claim is GRANTED.

C.   **DTPA Violations**

Wheeler claims that the facts in his complaint support claims against JP Morgan for violations of the DTPA. Dkt. 1-2 at 12. JP Morgan moves to dismiss because Wheeler has asserted preclude his claim as a matter of law. Dkt. 4 at 3. Wheeler is unopposed to JP Morgan's assertion.

Under the DTPA, a "consumer" includes an individual "who seeks or acquires by purchase or lease, any goods or services." Tex. Bus. & Com. Code Ann. § 17.46(4) (West 2013). "A plaintiff establishes his standing as a consumer in terms of his relationship to a transaction, not by a contractual relationship with the defendant." *Flenniken v. Longview Bank & Trust Co.*, 661 S.W.2d 705, 707 (Tex. 1983). "The only requirement is that the goods or services sought or acquired by the consumer form the basis of his complaint." *Id.* However, "[a] party who borrows money may not satisfy the first requirement for consumer status under the DTPA because money is not a "good" or a "service." *Gomez v. Wells Fargo Bank, N.A.*, No. 310-CV-0381-B, 2010 WL 2900351, at *3 (N.D. Tex. July 21, 2010); *Maginn v. Norwest Mortg., Inc.*, 919 S.W. 2d 164, 166 (Tex. App.—Austin 1996, no writ).

The complaint is clear that the basis of Wheeler's complaint is his interactions with JP Morgan in maintaining his mortgage loan. However, because loans do not qualify as goods or services, Wheeler has not pled sufficient facts to state his DTPA claim. *Maginn*, 919 S.W.2d at 166. Accordingly, JP Morgan's motion to dismiss Wheeler's DPA claim is GRANTED.

E.   **Fraud**

Wheeler recites the elements of a fraud claim in his complaint to make a claim against JP Morgan for violations of the DPA. D.t. 1-2 at 12. JP Morgan moves to dismiss because Wheeler has not alleged any facts to coincide with the element recitations he makes, and he does not meet Rule 9(b). D.t. 4 at 5. Wheeler is unopposed to JP Morgan's assertion.

The elements of fraud include: (1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *In re First Merit Bank*, N.A., 52 S.W.3d 749, 758 (Tex. 2001). Further, claims for fraud must state more than facts sufficient to make a plausible claim to relief, they must meet the Rule 9(b) pleadings standard. The Fifth Circuit interprets Rule 9(b) strictly, "requiring a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herman Holdings Ltd. v. Lucent Tech. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002) (internal quotations omitted).

Wheeler has not even alleged what the material misrepresentation specifically was, much less how it was fraudulent, therefore, Wheeler has failed to state a fraud claim. Accordingly, JP Morgan's motion to dismiss Wheeler's fraud claim is GRANTED.

F.     *Breach of Contract*

Wheeler claims that the facts in his complaint support claims against JP Morgan for a breach of its loan agreement. D.t. 1-2 at 4. JP Morgan moves to dismiss because Wheeler does not allege a single statutory provision that was breached or a single action that constituted a violation of the code. D.t. 4 at 3. Wheeler is unopposed to JP Morgan's assertion.

"In Texas, the essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Intel, Inc. v. Eagle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (internal quotation omitted).

Wheeler does not allege how any of the things upon which he complains violate his loan agreement, and more important, he concedes that he had not performed his end of the agreement because he fell behind on his mortgage payments. D.t. 1-2 at 11. Wheeler has not alleged sufficient facts to support a plausible breach of contract claim. Accordingly, JP Morgan's motion to dismiss Wheeler's breach of contract claim is GRANTED.

## IV. Conclusion

For all these reasons, JP Morgan's motion to dismiss (D.t. 4) is GRANTED.

It is so ORDERED.

Signed at Houston, Texas on April 17, 2015.

_____
Gray H. Miller
United States District Judge